Ralph Barker appeals from the summary denial of his petition for writ of habeas corpus challenging the action of the disciplinary board in revoking two months good time. Barker argues that the evidence was insufficient to sustain the board's finding of guilt.
 I
Initially, we note that the petition was properly denied because Barker failed to verify his petition by oath. O'Such v.State, 423 So.2d 317 (Ala.Cr.App. 1982).
 II
However, in an effort to expedite a final determination of this issue, if and when a proper petition is filed, we note the following: The exhibits attached to the State's motion to dismiss the petition show that the due process requirements ofWolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935
(1974), were not satisfied. Specifically, those documents do not reveal the written statement by the fact finders as to the evidence relied upon and the reasons for the disciplinary action. Wolff, 418 U.S. at 564, 94 S.Ct. at 2978. Fielding v.State, 409 So.2d 964 (Ala.Cr.App. 1981). The board's *Page 1377 
statement, "Inmate plead not guilty. Based on arresting officer's statement and evidence found, inmate was found guilty" simply does not satisfy Wolff. Washington v. State,405 So.2d 62 (Ala.Cr.App. 1981).
 III
The lack of the procedural due process mandated in Wolff and approved by our Supreme Court in Williams v. Davis,386 So.2d 415 (Ala. 1980), is directly related to the substantive issue raised by Barker. Barker argues that the opinion of the arresting correctional officer that the hand-rolled cigarettes containing a green vegetable material actually contained marijuana does not constitute substantial evidence of his guilt. As was noted in Aikens v. Lash, 514 F.2d 55, 60 (7th Cir. 1975), "As a practical matter, we fail to see the conflict defendants note between the term `substantial evidence' and the phrase `evidence relied on and reasons for the disciplinary action.' * * * The term `substantial evidence' need not be something prison officials should be overly concerned about. In each case, they should write their conclusions and the reasons for them based on the evidence they have heard."
We reject Barker's argument that scientific evidence was necessary to prove that the vegetable material was marijuana. Evidence that the arresting officer was qualified from study, experience, or observation to identify marijuana would have been sufficient. Jenkins v. State, 46 Ala. App. 719,248 So.2d 758 (1971). In other words, why did the arresting officer "believe" the material was marijuana? Without such information the action of the board was arbitrary and capricious.
The decision of a prison disciplinary board must not have been arbitrarily or capriciously made but must have been based upon substantial evidence in order to satisfy due process.Washington, 405 So.2d at 64. "A disciplinary proceeding is not a criminal trial, and the traditional criminal standard of proof beyond a reasonable doubt is not necessary to support a finding of a rule infraction." J. Cobert and N. Cohen, Rightsof Prisoners 250 (1981). The standard of proof required is "necessarily lower than that demanded in criminal, parole-probation, revocation or civil proceedings." Smith v.Rabalais, 659 F.2d 539, 546 (5th Cir. 1981), cert. denied,455 U.S. 992, 102 S.Ct. 1619, 71 L.Ed.2d 853 (1982). For this reason, the production of physical evidence in disciplinary proceedings is usually not required. Babcock, Due Process InPrison, 22 Boston L.Rev. 1009 (1981).
Evidence which constitutes substantial evidence has been described as being "more than a scintilla. It means such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389,91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). In Ex Parte Morris, 263 Ala. 664, 83 So.2d 717, 720 (1955), the Alabama Supreme Court set forth the following definitions of substantial evidence:
 "1. Substantial evidence is a `rational basis for the conclusions approved by the administrative body.' Mississippi Valley Barge Line Co. v. United States, 292 U.S. 282 (54 S.Ct. 692, 694, 78 L.Ed. 1260).
 "2. Substantial evidence is `such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' * * * (Consolidated Edison Co. of New York v. National Labor Relations Board) 305 U.S. 197 (59 S.Ct. 206, 217, 83 L. Ed. 126).
 "3. * * * substantial evidence is more than a scintilla and must do more than create a suspicion of the existence of a fact to be established. * * * `it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion * * * and it must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury.' National Labor Relations Board v. Columbian E(nameling ) S(tamping) Co., 306 U.S. (292) 299-301 (59 S.Ct. 501, 505, 83 L.Ed. 660.)"
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur. *Page 1378