BOWEN, Presiding Judge.
This is an appeal from the summary denial of a pro se petition for writ of habeas corpus. The petitioner alleges that he was denied due process under Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), when he was convicted of violating a prison rule barring the use of alcohol. The petitioner contends that he was “found guilty as charged based on the testimony of the arresting officer that she smelled the odor of alcohol on the Petitioner’s breath.” However, in the very next sentence in his petition, the petitioner admits that “(t)he same evidence was corroborated by and based on the testimony of Officer Ernest Thompson that during the transporting [of] the Petitioner from Huntsville to Decatur he did smell without a doubt the smell of Alcohol on the Petitioner’s Breath.”
Petitioner also challenges the constitutionality of the rule under which he was charged and convicted because it does not include a lesser offense. He further alleges that the evidence was totally insufficient to show that he was “under the influence” because no scientific test was performed to show that the blood-alcohol level was at least .10%. In his petition he sets out prison administrative rule 90, which condemns “the use of unauthorized narcotic substance or other intoxicant ...”
On appeal, the State argues that the petition was properly dismissed because it was not properly verified pursuant to Alabama Code 1975, § 15-21-4. The petition was “sworn to and subscribed before” a notary.
The petition was adequately verified. Rice v. State, 460 So.2d 254 (Ala.Cr.App.1984): “The words ‘sworn to’ at the foot of ... [the] petition must be taken to mean that he declared on oath that the allegations set forth in his petition were true, and we are of the opinion that this satisfied the requirements of verification in § 15-21-4.”
A blood-alcohol test was no more necessary to prove that the petitioner was *1066 under the influence than was scientific evidence necessary to prove that vegetable matter was marijuana in Barker v. State, 437 So.2d 1375 (Ala.Cr.App.1983). The testimony of the arresting officer was corroborated by that of another witness. This is more than adequate to satisfy the substantial evidence standard of a prison disciplinary action. Barker, supra; Washington v. State, 405 So.2d 62, 64 (Ala.Cr.App.1981).
We know of no constitutional principle, and have been cited to none, which requires that a charge contain a lesser included offense.
The petition was properly denied because it states no claim upon which relief can be granted.
AFFIRMED.
All Judges concur.