State prison inmate Robert A. Hawkins filed a petition for writ of habeas corpus in the Circuit Court of Elmore County. Hawkins contends that his "good-time" benefits had been revoked at a disciplinary hearing which failed to afford him due process of law. The prison disciplinary board recommended that Hawkins lose four months' "good time" and be removed from trade school after finding Hawkins guilty of being under the influence of alcohol. The trial court dismissed the petition without a hearing. The Court of Criminal Appeals, 461 So.2d 59, affirmed without opinion. We granted certiorari to determine the constitutionality of the disciplinary proceeding which resulted in Hawkins's loss of good-time benefits.
An inmate may not be deprived of good-time benefits without being accorded at least some modicum of due process at his disciplinary hearing. Ex parte Bland, 441 So.2d 122 (Ala. 1983). In order to satisfy the due process requirement in a prison disciplinary proceeding which could result in the revocation of good-time benefits, the inmate must be provided with advance written notice of the charges against him and a written statement of the evidence *Page 491 
relied upon and the reasons for the action. Wolff v. McDonnell,418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); Williams v.Davis, 386 So.2d 415 (Ala. 1980).
In Williams v. Davis, supra, this Court held that due process also requires that an inmate be allowed to introduce witnesses and produce documentary evidence unless the attendance of such witnesses or the production of such documentary evidence would be unduly hazardous to institutional safety or correctional goals. Id. at 419. Due process, however, does not blanketly require allowing an inmate to call witnesses or to produce documentary evidence; rather, a flexible standard must be utilized by the courts to balance the interest of the inmate in avoiding the loss of his good-time benefits against the interests of the prison in institutional safety and correctional goals. Ex parte Bland, 441 So.2d 122 (Ala. 1983) (citing Wolff, supra, and Williams, supra).
To meet the due process standard, the disciplinary board's decision must not be arbitrary or capricious, and must be based upon substantial evidence. Washington v. State, 405 So.2d 62
(Ala.Cr.App. 1981). The problem confronting this Court on appeal is that the record does not contain sufficient information for a thorough review of the denial of Hawkins's habeas corpus petition. There was no answer or return to the petition for writ of habeas corpus denying the allegations of fact in the petition. The state only filed a motion to dismiss and included a copy of the board's disciplinary report. Many of the facts in the petition remain unrefuted and therefore must be taken as true. Ex parte Floyd, 457 So.2d 961 (Ala. 1984).
Hawkins initially asserts that the disciplinary report contains an insufficient statement of the evidence relied upon and the reasons for the disciplinary action. The "Committee Findings Reasons" recited in the disciplinary report were as follows:
 "The board in closed session found inmate Hawkins guilty based on the arresting officer [sic] statement and the verification of the smell of alcohol on inmates [sic] Hawkins breath by Sgt. Robinson, Captain Rucker and Mike Slatton."
This statement, in and of itself, falls short of complying with an inmate's minimal due process rights. However, when read in conjunction with the brief summary of the witnesses' statements, the disciplinary report, on its face, appears to contain a sufficient statement of essential facts supporting the board's findings. See Rice v. State, 460 So.2d 254, 257
(Ala.Cr.App. 1984).
It is unclear from the disciplinary report or the record, however, whether Hawkins was given a full and fair opportunity to present his defense. The disciplinary report indicates that Hawkins requested Roy Williams and inmate Dale Holloway as witnesses. The report indicates that Holloway was "assigned to Draper CC and was not called to testify based on Administrative Regulation, 403." This blanket exclusion of a witness is not sufficiently specific enough, as the Administrative Regulation relied upon lists several reasons for excluding a witness from a disciplinary hearing. The report also indicates that witness Roy Williams "did not have first hand knowledge of the case." The report, however, fails to state whether Williams testified to that effect, or upon what evidence that conclusion was based. Likewise, Hawkins claims that he was not permitted to introduce evidence of his medical records, which, he argues, would show that his condition was caused by a medical problem. The report, however, contains no mention of the requested records and no indication as to why they were allegedly not produced.
While we recognize that the witnesses and documentary evidence may have justifiably been excluded, we are unable to determine from the record whether the board made any attempt to balance the interest of the inmate against the potential hazards to institutional safety or correctional goals, in accordance with this Court's mandate in Williams and Bland. *Page 492 
Additionally, Hawkins claims that he was denied due process because the prison officials refused to allow him to have a blood or urine test to prove his innocence. In Barker v. State,437 So.2d 1375 (Ala.Cr.App. 1983), the Court of Criminal Appeals determined that while scientific evidence was not necessary to prove that vegetable material seized from an inmate was marijuana, without evidence as to the qualifications of the arresting officer and why he believed the material was marijuana action of the disciplinary board would be arbitrary and capricious. Id. at 1377.
While there is no constitutional requirement that prison officials conduct breath analysis or other scientific tests to determine whether an inmate is intoxicated, in this case the record does not indicate whether the arresting officer or any witnesses were properly qualified to state their opinions. Additionally, the report indicates that Captain Rucker, and possibly Sgt. Robinson, did not personally testify before the board.
From the record before us, we are unable to determine whether the board complied with due process standards or whether its actions were arbitrary and capricious. We, therefore, have no choice but to reverse and remand this case to the Court of Criminal Appeals for entry of an appropriate order directing the trial court to hold an evidentiary hearing on Hawkins's petition for writ of habeas corpus.
REVERSED AND REMANDED.
MADDOX, JONES, ALMON, SHORES, EMBRY, BEATTY and ADAMS, JJ., concur.
TORBERT, C.J., concurs specially.