TAYLOR, Judge.
Alvin Dixon, an inmate on work release, was found to have a bottle of rum in his possession. He was immediately taken off work release and charged with a disciplinary violation, violation of Rule No. 64, dealing with “contraband.” The action of the Disciplinary Board included a request for “a review by social services for possible custody change,” but said nothing about the fact that Dixon had already been taken out of the work release program. In fact, of course, Dixon had already had a custody change. The state’s position apparently is either that Dixon’s having been taken off work release was not the result of his possession of contraband, or that removal from work release does not constitute deprivation of a “liberty interest” and does not constitute a major change in the conditions of confinement. Summerford v. State, 466 So.2d 182 (Ala.Cr.App.1985). If the inmate suffered a major change in the conditions of confinement, then the Constitution, as interpreted by the United States Supreme Court, requires that he be accorded due process, as defined in Spooner v. State, 451 So.2d 429 (Ala.Cr.App.1984), and similar cases. The court granted a motion for summary judgment on this petition for writ of habeas corpus without a hearing. We find it necessary to remand this proceeding to the circuit court for a hearing on this petition for the purpose of establishing whether there was a major change in the conditions of confinement as a result of the misconduct, and if so, then to consider the issues of due process raised by the petitioner.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.