PATTERSON, Judge.
Hunter appeals from the trial court’s summary denial of his pro se petition for writ of habeas corpus wherein he alleges that he was denied his due process guarantees in the prison disciplinary committee’s finding that he was guilty of violating the prison regulation prohibiting possession of contraband. There is no question that Hunter’s liberty interests were diminished; he was sentenced to twenty-one days’ disciplinary segregation. See Summerford v. State, 466 So.2d 182 (Ala.Cr.App.1985).
After reviewing all allegations in Hunter’s petition, we find that only the following contention merits our discussion: The disciplinary report does not contain a sufficient written statement upon which the board relied and the reasons for the action, in compliance with Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). We agree with Hunter’s assertion of error. The “Committee findings and reasons” recited in the report, which is attached to the State’s motion to dismiss, are as follows:
“The board in closed session found inmate Hunter guilty, the box that Officer Stough searched was inmate Hunter’s box. Hunter picked up a belt buckel [sic] out of the box in an attempt to divert Officer Stough’s attention. The box was in Hunter’s alley. The board went to Hunter’s sleeping area and examined the box with Officer Stough. Officer Stough claims that he doesn’t think it is the same box, however, certain items in the box, (piece of model boat, some writing pens etc.) The soap dish that the brush was in was missing. Hunter was not authorized to have this substance nor was it issued to him by the Department of Corrections. This is a violation of rule # 64 — Possession of Contraband.”
Only after reading the statement of one of the witnesses and the notation of an exhibit, as reflected by the report, is the above statement comprehensible. When viewing the report in its entirety, we surmise that a green, leafy substance believed to be marijuana was found in the detachable handle *115 of a shaving brush which was discovered in Hunter’s box.
However, we cannot base a finding of compliance with Hunter’s due process rights on supposition. “The disciplinary report in and of itself should contain a meaningful statement setting forth the essential facts relied upon.” Jackson v. State, 485 So.2d 389, 391 (Ala.Cr.App.1986) (emphasis added). As explained in Rice v. State, 460 So.2d 254, 256 (Ala.Cr.App.1984):
“In order to satisfy the minimum requirements of due process in a prison disciplinary proceeding, one requirement is that there must be a ‘written statement by the factfinders as to the evidence relied on and reasons’ for the disciplinary action. Wolff v. McDonnell, 418 U.S. 539, 564, 94 S.Ct. 2963, 2979, 41 L.Ed.2d 935 (1974). In Wolff v. McDonnell, supra, the Supreme Court stated:
“ ‘... a written record helps to insure that administrators, faced with possible scrutiny by state officials and the public, and perhaps even the courts, where fundamental constitutional rights may have been abridged, will act fairly. Without written records, the inmate will be at a severe disadvantage in propounding his own cause to or defending himself from others.’ ”
See also Spooner v. State, 451 So.2d 429 (Ala.Cr.App.1984).
The report before us does not comply with these principles. The findings of the committee even fail to specify what contraband was allegedly in Hunter’s constructive possession or that it was, in fact, discovered in Hunter’s box. Moreover, the decision of the board is arbitrary and capricious because the report fails to reflect that the board had before it either scientific evidence confirming that the substance was, in fact, marijuana or that the arresting officer was qualified from study, experience, or observation to identify marijuana. Evans v. State, 485 So.2d 402 (Ala.Cr. App.1986); Williams v. State, 461 So.2d 1335 (Ala.Cr.App.), cert, denied, 461 So.2d 1339 (Ala.1984); Barker v. State, 437 So.2d 1375 (Ala.Cr.App.1983).[1]
Thus, the trial court erred in summarily granting the State’s motion to dismiss Hunter’s petition without a hearing. Accordingly, the judgment is reversed, and this cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
All Judges concur.

. These latter two cases are based specifically upon the premise that the board’s decision must have been based upon "substantial evidence." 461 So.2d at 1335; 437 So.2d at 1377. Compare, however, Thompson v. State, 504 So.2d 747 (Ala. Cr.App.1987) (wherein the court followed Superintendent, Massachusetts Correctional Institution, Walpole v. Hill, 472 U.S. 445, 455, 105 S.Ct. 2768, 2774, 86 L.Ed.2d 356 (1985), in holding that the evidentiary standard required by due process is "some evidence supporting] the decision by the prison disciplinary board").