The appellant, Billy Whitson, appeals the trial court's summary dismissal of his petition for writ of habeas corpus challenging the constitutionality of a disciplinary proceeding which resulted in his transfer from work release to a minimum custody facility.[1] The disciplinary committee found *Page 39 
Whitson guilty of violating Rule 90, which proscribes being under the influence of alcohol or narcotics, which is defined as "[t]he use of unauthorized narcotic substance or other intoxicant by sniffing, injecting, or orally ingesting." In so finding, the committee gave the following reasons:
 "(1) The Board accepted and believed the arresting officer's testimony that on 11-12-86 at approximately 6:25 p.m., the arresting officer did observe Inmate Whitson with a strong odor of an alcoholic beverage on his breath. (2) The Board accepted and believed the statement from the Investigating Officer that he, Sgt. David Wise, also smelled a strong odor of an alcoholic beverage on Inmate Whitson's breath."
In his petition, Whitson contends that his due process rights were violated, because, he says, the committee's action was arbitrary and capricious in that the prison officials refused to allow him, upon his request, to have a blood or urine analysis to prove his innocence and the record of the proceeding does not indicate that the officers were properly qualified to state their opinions. In response to these allegations, the motion to dismiss, which contains no facts to contradict those facts set out in the petition, but only includes a copy of the committee's disciplinary report. Upon these pleadings, the trial court denied Whitson's petition.
We are guided by our supreme court's opinion in Ex parteHawkins, 475 So.2d 489, 491-92 (Ala. 1985), wherein the court observed the following:
 "To meet the due process standard, the disciplinary board's decision must not be arbitrary or capricious, and must be based upon substantial evidence. Washington v. State, 405 So.2d 62 (Ala.Cr.App. 1981). The problem confronting this Court on appeal is that the record does not contain sufficient information for a thorough review of the denial of Hawkins's habeas corpus petition. There was no answer or return to the petition for writ of habeas corpus denying the allegations of fact in the petition. The state only filed a motion to dismiss and included a copy of the board's disciplinary report. Many of the facts in the petition remain unrefuted and therefore must be taken as true. Ex parte Floyd, 457 So.2d 961
(Ala. 1984).
 "Hawkins initially asserts that the disciplinary report contains an insufficient statement of the evidence relied upon and the reasons for the disciplinary action. The 'Committee Findings Reasons' recited in the disciplinary report were as follows:
 " 'The board in closed session found inmate Hawkins guilty based on the arresting officer [sic] statement and the verification of the smell of alcohol on inmates [sic] Hawkins breath by Sgt. Robinson, Captain Rucker and Mike Slatton.'
 "This statement, in and of itself, falls short of complying with an inmate's minimal due process rights. However, when read in conjunction with the brief summary of the witnesses' statements, the disciplinary report, on its face, appears to contain a sufficient statement of essential facts supporting the board's findings. See Rice v. State, 460 So.2d 254, 257 (Ala.Cr.App. 1984).
". . . .
 "Additionally, Hawkins claims that he was denied due process because the prison officials refused to allow him to have a blood or urine test to prove his innocence. In Barker v. State, 437 So.2d 1375 (Ala.Cr.App. 1983), the Court of Criminal Appeals determined that while scientific evidence was not necessary to prove that vegetable material seized from an inmate was marijuana, without evidence as to the qualifications of the arresting officer and why he believed the material was marijuana action of the disciplinary board would be arbitrary and capricious. Id. at 1377.
 "While there is no constitutional requirement that prison officials conduct breath analysis or other scientific tests to determine whether an inmate is intoxicated, in this case the record does not indicate whether the arresting officer or any witnesses were properly qualified to *Page 40 
state their opinions. Additionally, the report indicates that Captain Rucker, and possibly Sgt. Robinson, did not personally testify before the board.
 "From the record before us, we are unable to determine whether the board complied with due process standards or whether its actions were arbitrary and capricious. We, therefore, have no choice but to reverse and remand this case to the Court of Criminal Appeals for entry of an appropriate order directing the trial court to hold an evidentiary hearing on Hawkins's petition for writ of habeas corpus."
By the authority of Hawkins, we are required to reverse this cause, for as in Hawkins, the record in the instant cause does not indicate that the witnesses were properly qualified to state their opinions and the report indicates that they did not personally testify.
Accordingly, the judgment of the circuit court denying Whitson's petition is reversed, and this cause is remanded with directions that an evidentiary hearing be held and that due return be made to this court.
REVERSED AND REMANDED WITH DIRECTIONS.
All the Judges concur.
 On Return to Remand
The return to remand discloses that an evidentiary hearing was held by the trial court in accordance with our directions and that the evidence showed that the witness was qualified to give his opinion that appellant was under the influence of alcohol; that the witness, who was a prison officer, did testify before the disciplinary board; that there was sufficient evidence to support the findings and actions of the disciplinary board; and that appellant was afforded due process of law. Therefore, this case is due to be, and it is hereby, affirmed.
OPINION EXTENDED; AFFIRMED.
All Judges concur.
[1] The attorney general has not argued that continued participation in work release is not a "liberty interest," and, accordingly, that we need not determine whether Whitson's rights to due process were protected. Compare Edwards v. State,461 So.2d 39 (Ala.Cr.App. 1984) (wherein the court held that, upon the prisoners' disciplinaries being expunged from their records, they should be returned to their work release status),with Dixon v. State, 513 So.2d 37 (Ala.Cr.App. 1986) (wherein the court remanded the cause for the trial court to determine if removal from work release constituted a major change in the condition of confinement and was, accordingly, deprivation of a "liberty interest"). Thus, we decline to address that question. "It is the function of the parties and not of the court to formulate the issues." Gillard v. State, 486 So.2d 1323, 1327
(Ala.Cr.App. 1986) (citing Whirley v. State, 481 So.2d 1154
(Ala. 1986) (Jones, J. concurring specially)).