McMILLAN, Judge,
dissenting.
I respectfully dissent from the majority’s opinion that the findings of fact contained in the disciplinary report were insufficient to support the committee’s decision that the petitioner was guilty of escape. Pursuant to the holding of the Alabama Supreme Court in Ex parte Hawkins, 475 So.2d 489, 491 (Ala.1985), this Court may properly consider witnesses’ statements in supplementing the committee’s findings. The disciplinary report shows that the petitioner admitted at his hearing that he did not have permission to leave the Pickens County jail and travel to Detroit. Although this admission may not have been phrased in the affirmative, its meaning was clear and sufficient to show attempted escape. Furthermore, on the face of the report, it states: “Inmate Atmore escaped from the Pickens County jail. Inmate Atmore was placed on escape and was later recaptured in-Detroit, Michigan and returned to Kil-by.” While such technicalities are required in a criminal trial, they are not suited to a prison disciplinary hearing.
“A disciplinary proceeding is not a criminal trial, and the traditional criminal standard of proof beyond a reasonable doubt is not necessary to support a finding of a rule infraction.” Barker v. State, 437 So.2d 1375, 1376 (Ala.Cr.App. 1983) (quoting J. Cobert and N. Cohen, Rights of Prisoners § 8.10 (1981). “The standard of proof required is ‘necessarily lower than that demanded in criminal, parole-probation, revocation or civil proceedings.’ ” 437 So.2d 1377 (quoting Smith v. Rabalais, 659 F.2d 539, 546 (5th Cir.1981), cert, denied, 455 U.S. 992, 102 S.Ct. 1619, 71 L.Ed.2d 853 (1982). “Evidence which constitutes substantial evidence has been described as being ‘more than a scintilla. It means such evidence as a reasonable mind might accept as adequate to support a conclusion.’ ” 437 So.2d at 1377 (quoting Richardson v. Perales, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). “Substantial evidence is ‘a rational basis for the conclusions approved by the administrative body.’ ” City of Mobile v. Seals, 471 So.2d 431, 434 (Ala.Civ.App.1985) (quoting Ex parte Morris, 263 Ala. 664, 668, 83 So.2d 717, 720 (1955).
For the reasons stated, I do not agree with the majority’s conclusion.