McMILLAN, Judge.
The appellant, David Wakefield, appeals the trial court’s summary dismissal of his petition for writ of habeas corpus challenging the constitutionality of a disciplinary proceeding, which resulted in his receiving 21 days’ disciplinary segregation time and the loss of 30 days’ store privileges. The disciplinary committee found Wakefield guilty of violating Disciplinary Rule 64, which proscribes the possession of contraband, and Rule 90, which proscribes being under the influence of alcohol or narcotics. The disciplinary board accepted and believed the arresting officer’s testimony that on October 7, 1988, at approximately 4:30 p.m., David Wakefield was found in possession of a container of a green leafy substance believed to be marijuana. The arresting officer testified that Wakefield’s speech was slurred and that he appeared to be under the influence of “something.”
In his petition, Wakefield contends that his due process rights were violated, because, he says, the board’s finding of guilt was arbitrary and capricious because it was based solely on the arresting officer’s testimony. Wakefield further argues that the evidence presented against him was insufficient because, he says, the arresting officer was not qualified to determine whether the substance in question was marijuana. The trial court determined that the appellant’s rights of due process were in no way violated and denied the petition.
In Ex parte Hawkins, 475 So.2d 489, 491-92 (Ala.1985), the Alabama Supreme Court observed that “to meet the due process standards, the disciplinary board’s decision must not be arbitrary or capricious, and must be based upon substantial evidence.” In the instant case, the board’s decision was based on the testimony of Arnold Bolden, the arresting officer. Officer Bolden stated that he found a package of green vegetable matter in a baby powder container in the appellant’s possession. Officer Bolden stated that he believed this green vegetable matter to be marijuana. However, the record is devoid of any mention of Officer Bolden’s qualifications and experience. The record does not indicate whether Officer Bolden was properly qualified to state his opinion that the substance in question was marijuana. Whitson v. State, 513 So.2d 38, 40 (Ala.Cr.App.1987); Ex parte Hawkins, 475 So.2d 489, 491-92 (Ala.1985). In Barker v. State, 437 So.2d 1375, 1377 (Ala.Cr.App.1983), this Court stated:
*1365 “We reject Barker’s argument that scientific evidence was necessary to prove that the vegetable material was marijuana. Evidence that the arresting officer was qualified from study, experience, or observation to identify marijuana would have been sufficient. Jenkins v. State, 46 Ala.App. 719, 248 So.2d 758 (1971). In other words, why did the arresting officer ‘believe’ the material was marijuana? Without such information the action of the board was arbitrary and capricious.”
By the authority of Barker and Hawkins, we are required to reverse this cause, because, as in those cases, the record does not indicate that the main witness was qualified to state his opinion that the material confiscated was marijuana.
Accordingly, the judgment of the circuit court denying Wakefield’s petition is reversed and the case is remanded with directions that an evidentiary hearing be held and that due return be made to this court.
REVERSED AND REMANDED WITH DIRECTIONS.
All the Judges concur.