PATTERSON, Presiding Judge.
Andy Wayne Daughtry appeals from the trial court’s dismissal of his petition for writ of habeas corpus contesting the validity of his 1988 disciplinary for possession of illegal contraband. He contends on appeal, as he did in his petition, that his disciplinary was based on insufficient evidence.
The disciplinary committee’s findings of fact were as follows:
“On 3/15/88 at approximately 1:50 p.m. at KCF West Dorm, a shakedown was conducted on Andy Daughtry during which a white chapstick tube containing a black illegal substance was on inmate Daughtry’s bunk and he did sweep it away. After the shakedown another search of inmate Daughtry’s personal property during which more of the black illegal substance was found on Daugh-try's person.”
In finding Daughtry guilty, the committee reasoned as follows:
“The Board believes the testimony of the arresting officer that he did see inmate Daughtry move a white container from his bed which contained a black illegal substance and that more of the same substance was found on inmate Daugh-try’s person during another search. We accept inmate Daughtry’s testimony that he did sweep something off of his bed. We believe the statements of the officers that more of the illegal black substance was found on inmate Daughtry’s person during a strip-search.”
*781 As authority, Daughtry relies on Barker v. State, 437 So.2d 1375 (Ala.Cr.App.1983), in which the court noted that, without information to explain why the arresting officer believed the seized material to be marijuana, such as evidence that the officer was qualified from study, experience, or observation to identify marijuana, the board’s action would be arbitrary and capricious. See also Wakefield v. State, 562 So.2d 1364 (Ala.Cr.App.1989), cert. denied, 562 So.2d 1365 (Ala.1990); Hunter v. State, 515 So.2d 114 (Ala.Cr.App.1987); Evans v. State, 485 So.2d 402 (Ala.Cr.App.1986); Williams v. State, 461 So.2d 1335 (Ala.Cr.App.), cert. denied, 461 So.2d 1339 (Ala.1984).
We find the language of Barker to be inapplicable to the instant case because in Barker the disciplinary rested upon the board’s opinion that the seized material was a specific contraband — marijuana— possession of which would have possible far-reaching and significant consequences, whereas, in the instant case, the board’s opinion was that the unidentified seized material was merely something not authorized by the department of corrections. The situation presented by Barker carried a greater burden of proof. As the Barker court noted, evidence, at least, that the officer was qualified from study, experience, or observation to identify marijuana was necessary to answer the question of why the officer believed the material to be marijuana. Id. at 1377. Here, no similar determination was called into issue.
Moreover, while not holding this to be a matter of consequence, we note that the Barker decision was governed by the standard that the board’s decision must have been based upon substantial evidence, id. However, subsequently, in Thompson v. State, 504 So.2d 747 (Ala.Cr.App.1987), we adopted the evidentiary standard set out by the Court in Superintendent, Massachusetts Correctional Institution, Walpole v. Hill, 472 U.S. 445, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985), that the requirements of due process are satisfied if some evidence supports the disciplinary board’s decision.[1] Under this standard, “the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.” 472 U.S. at 455-56, 105 S.Ct. at 2774.
Based on the foregoing, the judgment is affirmed.
AFFIRMED.
All Judges concur.

. In Wakefield, the court, quoting language from Ex parte Hawkins, 475 So.2d 489, 491 (Ala.1985), that the board’s decision must be based upon substantial evidence, evidently utilized the pre-Thompson standard. We further note, that in denying the petition for writ of certiorari, our supreme court stated that it did not agree with the reasoning of the Court of Criminal Appeals, 562 So.2d at 1365. The Hunter court noted the Thompson standard in a footnote, but did not specifically indicate application of it. In its reasoning, the Evans court made no reference to the evidentiary standard of review. The pre-Thompson Williams court - utilized the standard then in existence.
In regard to whether the change in the eviden-tiary standard has resulted in a change in the rule that the record must indicate that the arresting officer or any other witness was qualified to state his opinion that the inmate was under the influence of alcohol, Ex parte Hawkins, 475 So.2d at 492, compare Whitson v. State, 513 So.2d 38 (Ala.Cr.App.1987) (wherein the court followed Hawkins even though the evidentiary standard had changed, but was not explicitly recognized by the Whitson court) with Martin v. State, 562 So.2d 294 (Ala.Cr.App.1990) (wherein the court, under the Thompson standard, held the evidence to be sufficient, with no mention of the officers’ qualifications to render the opinions relied upon).