The appellant, James L. Robinson, appeals from the denial of his petition for writ of habeas corpus. The appellant was disciplined for possessing prison contraband, i.e., marijuana seeds. As a result of that action, the appellant lost three months of good-time credits.
The appellant argues in his petition that there was insufficient evidence to find that he violated a disciplinary rule. He contends that the action of the disciplinary committee was based solely on the arresting officer's testimony and that there was no proof that the seeds he was charged with possessing were marijuana seeds. We agree.
The United States Supreme Court in Superintendent,Massachusetts Correctional Institution, Walpole v. Hill,472 U.S. 445, 455, 105 S.Ct. 2768, 2774, 86 L.Ed.2d 356 *Page 1265 
(1985), held that to comply with due process[1] there must be " 'some evidence from which the conclusion of the administrative tribunal could be deduced. . . .' United States ex rel.Vajtauer v. Commissioner of Immigration, 273 U.S. [103] 106, 47 S.Ct. [302] 304, [71 L.Ed. 560 (1927)]." (Emphasis added.)
In Wakefield v. State, 562 So.2d 1364 (Ala.Cr.App. 1989), this court reversed a prison disciplinary action where there was no evidence in the record of the officer's qualification to state his "opinion that the substance in question was marijuana." 562 So.2d at 1364. However, Wakefield applied the "substantial evidence" standard to find a violation in a prison disciplinary action. As stated above, this is no longer the standard.
Because the evidentiary standard now needed to find that an inmate has violated a prison disciplinary rule is, "some evidence," we decline to hold that the material alleged to be contraband must be tested and the test results must be received into evidence before an inmate can be disciplined for possessing a controlled substance. "Revocation of good time credits is not comparable to a criminal conviction . . . and neither the amount of evidence necessary to support such a conviction . . . nor any other standard greater thansome evidence applies in this context." Hill, 472 U.S. at 456,105 S.Ct. at 2774. (Emphasis added.)
In this case, there was nothing in the record to show the reasons for the arresting officer's conclusion that the seeds were marijuana seeds. All that is necessary is a statement by the arresting officer that his opinion of the nature of the substance is based on his experience or that he has examined the substance and has no doubt that the substance is contraband. There must, however, be something in the record as to why the officer thinks the substance is a controlled one.Ex parte Hawkins, 475 So.2d 489 (Ala. 1985); Whitson v. State,513 So.2d 38 (Ala.Cr.App. 1987).
We hold that under the "some evidence" standard there is insufficient evidence in the record to support a finding that the seeds were marijuana seeds. The record fails to show the officer's expertise or the knowledge that he relied on in concluding that the seeds were marijuana. Neither does the record show that any examination of the seeds were done to verify that they were in fact marijuana seeds. Therefore, the trial court erred in denying the appellant's petition for writ of habeas corpus without an evidentiary hearing. An evidentiary hearing should be held to determine whether the arresting officer was qualified to state his opinion on the nature of the controlled substance. Due return should be filed in this court no later than 42 days from the release of this opinion.
REMANDED WITH DIRECTIONS.
All the Judges concur.
[1] In order to trigger the due process protections of Wolff v.McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), a liberty interest must be involved. Good-time credit is a liberty interest protected by Wolff. See Hill.