The appellant, Mark D. Archer, appeals from the trial court's denial of his petition for a writ of habeas corpus without a hearing. He was disciplined for possessing a green leafy substance, believed to be marijuana, in violation of prison disciplinary rules. Archer contends he was denied due process at his prison disciplinary hearing, and that there was insufficient evidence presented at his hearing from which to determine that he had violated prison rules.
The evidentiary standard required to find that an inmate has violated a prison disciplinary rule is "some evidence."Superintendent, Massachusetts Correctional Institution, Walpolev. Hill, 472 U.S. 445, 455, 105 S.Ct. 2768, 2774,86 L.Ed.2d 356 (1985). This court has held that material alleged to be contraband does not have to be tested to meet the evidentiary standard of "some evidence." Robinson v. State, 636 So.2d 1264,1265 (Ala.Crim.App. 1993).
 "All that is necessary is a statement by the arresting officer that his opinion of the nature of the substance is based on his experience or that he has examined the substance and has no doubt that the substance is contraband. There must, however, be something in the record as to why the officer thinks the substance is a controlled one."
Id., citing Ex parte Hawkins, 475 So.2d 489 (Ala. 1985); see also Whitson v. State, 513 So.2d 38 (Ala.Crim.App. 1987).
In this case, there is nothing in the record to explain why the corrections officer believed the substance he found was marijuana. According to the record, the following discussion took place between Archer and the corrections officer during Archer's hearing, with Archer doing the questioning:
 "Q: In your disciplinary report you said (alleged) "green leafy substance that *Page 970 
appears to be marijuana." What scientific tests were made to confirm that the said substance was in fact marijuana?
 "A: I didn't say it was marijuana, I said it appeared to be marijuana.
 "Q: Could the said green leafy substance be yard grass or some other substance?
"A: I'm not a toxicologist, I cannot say."
Clearly, the corrections officer's responses fail to show his expertise or the knowledge he relied upon to conclude the substance was marijuana as required by Robinson. Because there is nothing in this record to explain why the correction's officer believed that the green leafy substance found in Archer's cell was marijuana, we hold that the trial court erred in denying Archer's petition for writ of habeas corpus without an evidentiary hearing. Therefore, we remand this case to the trial court with instructions for that court to conduct an evidentiary hearing to determine whether the corrections officer was qualified to state his opinion on the nature of the controlled substance. The transcript of the hearing, together with the trial court's conclusions of law, should be filed in this court within 60 days of the release of this opinion.
REMANDED WITH DIRECTIONS.*
All the Judges concur.
* On return to remand, the court on March 3, 1995, dismissed the appeal, without opinion.