ON REHEARING EX MERO MOTO
COBB, Judge.
The opinion of June 21,1996, is withdrawn, and the following opinion substituted therefor.
On June 21, 1996, this court remanded with directions this case, which arises out of the trial court’s summary denial of the appellant’s petition for a writ of habeas corpus. We held that the appellant was denied due process at his prison disciplinary hearing because the complaining officer’s testimony regarding the appellant’s possession of three handrolled cigarettes and a bag of green leafy material was insufficient on which to base a determination that the appellant had violated prison rules and that the hearing officer was not of sufficient rank to administer oaths and to preside over the hearing.
We determined that the facts presented by this case are almost identical to those found in Archer v. State, 659 So.2d 968 (Ala.Cr.App.1994). On the authority of Archer we remanded this case.
In Archer we stated:
“The evidentiary standard required to find that an inmate has violated a prison, disciplinary rule is ‘some evidence.’ Superintendent, Massachusetts Correctional Institution, Walpole v. Hill, 472 U.S. 445, 455, 105 S.Ct. 2768, 2774, 86 L.Ed.2d 356 (1985). This court has held that material alleged to be contraband does not have to be tested to meet the evidentiary standard of ‘some evidence.’ Robinson v. State, 636 So.2d 1264, 1265 (Ala.Crim.App.1993).
“ ‘All that is necessary is a statement by the arresting officer that his opinion of the nature of the substance is based on his experience or that he has examined the substance and has no doubt that the substance is contraband. There must, however, be something in the record as to why the officer thinks the substance is a controlled one.’
“Id., citing Ex parte Hawkins, 475 So.2d 489 (Ala.1985); see also Whitson v. State, 513 So.2d 38 (Ala.Crim.App.1987).”
659 So.2d at 969.
In Archer the following explanation by the arresting officer was held to be an made- *529 quate explanation of why the officer thought the green leafy material was marijuana. The following discussion took place between Archer and the arresting officer during Archer’s hearing, with Archer asking the questions:
“Q: In your disciplinary report you said (alleged) ‘green leafy substance that appears to be marijuana.’ What scientific tests were made to confirm that the said substance was in fact marijuana?
“A: I didn’t say it was marijuana, I said it appeared to be marijuana.
“Q: Could the said green leafy substance be yard grass or some other substance?
“A: I’m not a toxicologist, I cannot say.”
659 So.2d at 969-70.
In the present ease, the incident report prepared by the arresting officer stated that he found in the appellant’s possession a clear plastic bag containing “a green leafy substance inside believed to be marijuana.” C.R. 30, 34. The appellant was charged with “possession of contraband.” C.R. 31. In answer to the appellant’s written question, the arresting officer explained that he defined contraband as “[ajnything not sold in the store at Elmore [prison] or any unauthorized items that would violate the [Department of Correction] rules.” C.R. 36. No further explanation was offered, and the phrase “green leafy substance believed to be marijuana” cannot be found outside the incident report.
The application for rehearing filed by the Department of Corrections (“DOC”) was untimely. However, this court granted rehearing ex mero moto to address the DOC’s contention that the complaining officer does not have to be qualified to state the officer’s opinion on the nature of the contraband in a disciplinary hearing when the appellant is found guilty of possession of contraband and its contention that a hearing officer does not have to be of any certain rank to preside over a disciplinary hearing.
The DOC contends that the facts of this case are strikingly similar to those in Daughtry v. State, 589 So.2d 780 (Ala.Cr.App.1991). In Daughtry the disciplinary committee’s finding of guilt rested upon the committee’s opinion “that the unidentified seized material was merely something not authorized by the department of corrections.” Daughtry, 589 So.2d at 781. The arresting officer in Daughtry testified that he saw Daughtry “move a white container from his bed which contained a black illegal substance.” Daughtry, 589 So.2d at 780. In Daughtry the contraband was not identified beyond “a black illegal substance.” It is on that point that Daughtry distinguishes Barker v. State, 437 So.2d 1375 (Ala.Cr.App.1983).
“[T]he disciplinary [in Barker] rested upon the board’s opinion that the seized material was a specific contraband — marijuana — possession of which would have possible far-reaching and significant consequences, [(i.e. possible free world prosecution)] whereas in [Daughtry], the board’s opinion was that the unidentified seized material was merely something not authorized by the department of corrections.”
Daughtry, 589 So.2d at 781. This court noted in Barker that “without information to explain why the arresting officer believed the seized material to be marijuana, such as evidence that the officer was qualified from study, experience, or observation to identify marijuana, the board’s action would be arbitrary and capricious.” Daughtry, 589 So.2d at 781. In the present case the arresting officer believed the appellant was in possession of marijuana because he stated so on the incident report. It is also evident that the possession of this “contraband” has subjected the appellant to “possible far-reaching and significant consequences” because the hearing officer’s “recommendation for punishment or sanctions” includes “Refer [appellant] to [investigation and intelligence division] for possible free world prosecution.” R. 31-32. Because the incident report contains only the arresting officer’s assertion that the contraband was a green leafy substance believed to be marijuana, we must reach the same conclusion as we did in Archer, where we said:
“[T]he corrections officer’s responses fail to show his expertise or the knowledge he relied upon to conclude the substance was marijuana as required by Robinson [v. State, 636 So.2d 1264 (Ala.Crim.App. *530 1993)]. Because there is nothing in this record to explain why the corrections officer believed that the green leafy substance found in Archer’s cell was marijuana, we hold that the trial court erred in denying Archer’s petition for writ of habeas corpus without an evidentiary hearing.”
659 So.2d at 970.
We hold that the trial court erred in denying the appellant’s petition for a writ of habeas corpus without an evidentiary hearing. We so hold because a “green leafy substance” is not necessarily illegal or prison contraband. Yard grass, for example, is not prison contraband even though it is a green leafy substance and even though it is not sold in the prison canteen. The appellant also contends on appeal that the hearing officer was not of sufficient rank to conduct the disciplinary hearing. “Wardens/Directors will appoint a Department of Corrections employee to serve has Hearing Officer of any charge(s) brought against a inmate pursuant to AR 403.” Admin. Reg. Number 403.III.B. There is no requirement that the hearing officer hold any certain rank.
We remand this case to the trial court with instructions that the court conduct an evidentiary hearing to determine whether the corrections officer was qualified to state his opinion on the nature of the controlled substance. The transcript of the hearing, together with the trial court’s conclusions of law, should be filed in this court within 63 days of the release of this opinion.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; REMANDED WITH DIRECTIONS. *
All the Judges concur.

 Note from the Reporter of Decisions: On February 28, 1997, on return to remand, the Court of Criminal Appeals affirmed, without opinion.