LONG, Presiding Judge.
The appellant, Joe Reynolds, appeals from the trial court’s denial of his petition for a writ of habeas corpus, contending that he was denied due process during a prison disciplinary hearing in which he was found guilty of violating Department of Corrections Admin. Reg. 403, Annex B., “Definitions and Examples of Rule Violations,” No. 65, “Possession of Unauthorized or Unprescribed Drugs, Intoxicants, or Paraphernalia.” The hearing officer based his determination of guilt on his finding that the appellant had in his possession “two (2) hand-rolled cigarettes with green leafy substance appearing to be marijuana.” (C. 21.) The appellant was sanctioned with 45 days in disciplinary segregation, the loss of 6 months of earned good time credit, and referral to “Intelligence & Investigation” for possible prosecution.
The appellant contends that there was insufficient evidence on which to base a determination that the substance found in his possession was marijuana.
“The evidentiary standard required to find that an inmate has violated a prison disciplinary rule is ‘some evidence.’ Superintendent, Massachusetts Correctional Institution, Walpole v. Hill, 472 U.S. 445, 455, 105 S.Ct. 2768, 2774, 86 L.Ed.2d 356 (1985). This court has held that material alleged to be contraband does not-have to be tested to meet the evidentiary standard of ‘some evidence.’ Robinson v. State, 636 So.2d 1264, 1265 (Ala.Cr.App.1993).
“ ‘All that is necessary is a statement by the arresting officer that his opinion of the nature of the substance is based on his experience or that he has examined the substance and has no doubt that the substance is contraband. There must, however, be something in the record as to why the officer thinks the substance is a controlled one.’
“Id., citing Ex parte Hawkins, 475 So.2d 489 (Ala.1985); see also Whitson v. State, 513 So.2d 38 (Ala.Cr.App.1987).”
Archer v. State, 659 So.2d 968, 969 (Ala.Cr.App.1994).
In this case, the incident report prepared by the arresting officer stated that he found in the appellant’s possession “two (2) hand-rolled cigarettes in a Top Cigarette pack containing a brownish green leafy substance believed to be marijuana.” (C. 20.) The hearing officer’s finding of guilt was based on the arresting officer’s testimony. There is no indication in the record that the substance found in the appellant’s possession was chemically tested. A review of the disciplinary report fails to show that the arresting officer testified as to any knowledge or expertise he may have had to justify his conclusion that the substance was marijuana.
The possession of the substance has subjected the appellant to “possible far-reaching and significant consequences” because he was sanctioned by, among other things, referral to “Intelligence & Investigation” for possible prosecution. See Allen v. State, 690 So.2d 527, 529 (Ala.Cr.App.1996). However, a “green leafy substance” is not necessarily illegal, an intoxicant, or prison contraband. Id. at 530. Because there is nothing in the record to explain why the arresting officer believed that the green leafy substance in the hand-rolled cigarettes was marijuana, we must reach the same conclusion this Court reached in Archer, supra, where we said:
“[T]he corrections officer’s responses fail to show his expertise or the knowledge he relied upon to conclude the substance was marijuana as required by Robinson [v. State, 636 So.2d 1264, 1265 (Ala.Cr.App.1993)].”
659 So.2d at 970. See also Allen, supra, 690 So.2d 527 (officer’s testimony that the appellant was found in possession of a clear plastic bag containing a “green leafy substance” that appeared to be marijuana was insufficient for a determination that the appellant had violat *1340 ed prison rules when the officer failed to show his expertise or the knowledge relied upon to conclude that the' substance was marijuana); Hunter v. State, 515 So.2d 114 (Ala.Cr.App.1987) (disciplinary report failed to reflect that the disciplinary board had before it either scientific evidence confirming that substance was marijuana or that the arresting officer was qualified from study, experience, or observation to identify marijuana); Evans v. State, 485 So.2d 402 (Ala.Cr.App.1986) (without information as to why the arresting officer believed the material to be marijuana, the action of the disciplinary board was arbitrary and capricious).
We hold that the trial court erred in denying, without an evidentiary hearing, the appellant’s petition for a writ of habeas corpus. Therefore, we remand this case to the trial court with instructions for that court to conduct an evidentiary hearing to determine whether the arresting officer was qualified to state his opinion on the nature of the substance found in the appellant’s possession. The transcript of the hearing, together with the trial court’s conclusions of law, should be filed in this court within 49 days of the release of this opinion.
REMANDED WITH DIRECTIONS. *
All the Judges concur.

 Note from the reporter of decisions: On December 19, 1997, on return to remand, the Court of Criminal Appeals dismissed the appeal, without opinion.