BASCHAB, Judge.
In a prison disciplinary proceeding, the appellant, Michael D. Castillo, who is serving a split sentence, was found guilty of homicide, a violation of Alabama Department of Corrections Regulation # 403, Rule # 28. He was sanctioned with placement in disciplinary segregation for 45 days, referral to Investigation and Intelligence for “freeworld prosecution,” and referral for classification review. (R. 11.) He filed a petition for a writ of habeas corpus, alleging that prison officials had violated his due process rights under Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), during the disciplinary hearing. Without requiring a response from the State, the circuit court summarily dismissed the petition, specifically finding that the appellant had not *1148 suffered a liberty interest deprivation. This appeal follows.
I.
The appellant argues that he has a liberty interest in continuing to serve a split sentence. In Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), the United States Supreme Court addressed a similar concern as follows:
“Nor does Conner’s situation present a case where the State’s action will inevitably affect the duration of his sentence. Nothing in Hawaii’s code requires the parole board to deny parole in the face of a misconduct record or to grant parole in its absence, Haw.Rev.Stat. §§ 353-68, 353-69 (1985), even though the misconduct is by regulation a relevant consideration. Haw. Admin. Rule § 23-700-33(b) (effective Aug. 1992). The decision to release a prisoner rests on a myriad of considerations. And, the prisoner is afforded procedural protection at his parole hearing in order to explain the circumstances behind his misconduct record. Haw. Admin. Rule §§ 23-700-31(a); 23-700-35(c); 23-700-36 (1983). The chance that a finding of misconduct will alter the balance is simply too attenuated to invoke the procedural guarantees of the Due Process Clause. The Court rejected a similar claim in Meachum, 427 U.S., at 229, n. 8, 96 S.Ct., at 2540 (declining to afford relief on the basis that petitioner’s transfer record might affect his future confinement and possibility of parole).”
Sandin, 515 U.S. at 487, 115 S.Ct. at 2302 (footnote omitted). Similarly, Alabama statutes governing split sentences do not require a sentencing court to revoke a split sentence in the case of misconduct or prison disciplinary actions. See § 15-18-8(a)(1) and §§ 15-22-50 through -54, Ala. Code 1975. Rather, the sentencing court has discretion in deciding whether to revoke probation. See § 15-22-54, Ala.Code 1975. Further, before a split sentence may be revoked, an inmate enjoys the procedural protection of a revocation hearing during which he may explain the facts concerning his misconduct. See § 15-22-54, Ala.Code 1975. Like the Court in San-din, we conclude that “[t]he chance that a finding of misconduct will alter the balance is simply too attenuated to invoke the procedural guarantees of the Due Process Clause.” 515 U.S. at 487, 115 S.Ct. at 2302. Therefore, the appellant’s argument that he has a protected liberty interest in continuing to serve a split sentence is without merit.
II.
The appellant also argues that the recommendation for referral for “free-world prosecution” implicates a protected liberty interest. In Sandin, the Court stated:
“The time has come to return to the due process principles we believe were correctly established and applied in Wolff and Meachum. Following Wolff, we recognize that States may under circumstances create liberty interests which are protected by the Due Process Clause. See also Board of Pardons v. Allen, 482 U.S. 369, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987). But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, ... nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.
[[Image here]]
“... Admittedly, prisoners do not shed all constitutional rights at the pris *1149 on gate, Wolff, 418 U.S., at 555, 94 S.Ct., at 2974, but ‘ “[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system.” ’ Jones, 433 U.S., at 125, 97 S.Ct., at 2537, quoting Price v. Johnston, 334 U.S. 266, 285, 68 S.Ct. 1049, 1060, 92 L.Ed. 1356 (1948). Discipline by prison officials in response to a wide range of misconduct falls within the expected parameters of the sentence imposed by a court of law.”
Sandin, 515 U.S. at 485, 115 S.Ct. at 2300-01 (footnote omitted). Referral of an inmate for freeworld prosecution for a criminal offense is within the expected parameters of the sentence imposed by the court, and therefore it “does not present a dramatic departure from the basic conditions of [the appellant’s] sentence.” Sandin, 515 U.S. at 485, 115 S.Ct. at 2301. Accordingly, referral for freeworld prosecution does not implicate a protected liberty interest. To the extent our decisions in Allen v. State, 690 So.2d 527 (Ala.Crim.App.1996), and Reynolds v. State, 709 So.2d 1338 (Ala.Crim.App.1997), may have implied that referral for freeworld prosecution implicates a liberty interest, those cases are hereby expressly overruled.
III.
Finally, the appellant argues that the circuit court improperly ordered that the Department of Corrections withhold 50 percent of deposits to his prison account until the court costs had been paid in this case.
“The docket fee may be waived initially and taxed as costs at the conclusion of the case if the court finds that payment of the fee will constitute a substantial hardship. A verified statement of substantial hardship, signed by the plaintiff and approved by the court, shall be filed with the clerk of court.”
§ 12-19-70(b), Ala.Code 1975. Pursuant to this section, filing fees may be waived for indigent petitioners at the time of filing a petition for a writ of habeas corpus. However, the court may properly tax the cost of the filing fee to the petitioner at the conclusion of the case, even if the petitioner has previously been determined to be indigent. See Cofield v. State, 682 So.2d 493 (Ala.Crim.App.1996); Crowe v. State, 671 So.2d 112 (Ala.Crim.App.1995). Although the appellant argues that the requirement that he pay the filing fee at the rate of 50 percent of deposits to his prison account exceeds the limit of 20 percent Congress set in the 1996 Prison Litigation Reform Act, he concedes that that Act is binding only on federal court actions. Therefore, his arguments are without merit.
For the above-stated reasons, we affirm the circuit court’s judgment.
AFFIRMED.
LONG, P.J., and McMILLAN, COBB, and FRY, JJ., concur.