BASCHAB, Judge.
In a prison disciplinary proceeding, the appellant, Phillip Aaron, was found guilty of conspiracy to commit a violation of departmental or institutional rules, a violation of Rule # 91, Regulation # 403. He was sanctioned with, among several other things, the loss of one year, two months, and twenty-eight days of good time. The appellant filed a petition for a writ of habeas corpus, alleging that prison officials violated his due process rights under Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), during the disciplinary proceeding. After the State responded and after it heard oral arguments from the appellant and the State, the circuit court denied the petition. This appeal followed.
The appellant argues that there was not sufficient evidence upon which the hearing officer could conclude that he conspired with another inmate to violate departmental or institutional rules and that the substance the arresting officer discovered was contraband. “The evidentiary standard required to find that an inmate has violated a prison disciplinary rule is ‘some evidence.’ Superintendent, Massachusetts Correctional Institution, Walpole v. Hill, 472 U.S. 445, 455, 105 S.Ct. 2768, 2774, 86 L.Ed.2d 356 (1985).” Archer v. State, 659 So.2d 968, 969 (Ala.Crim.App.1994). In its response to the petition, the State did not specifically address or refute the claims the appellant presented in his petition. Furthermore, we cannot discern from the circuit court’s order denying the petition the basis for the denial because the circuit court did not specifically address the claims the appellant raised. Taking the appellant’s allegations as true, he has raised claims that may be meritorious. Accordingly, we remand this case to the circuit court with instructions that that court make specific, written findings of fact regarding each of the appellant’s claims. On remand, the circuit court may require the State to respond specifically to the appellant’s claims and/or may conduct an evidentiary hearing on those claims. If the circuit court determines that there was some evidence to support the hearing officer’s findings, it shall make specific, written findings of fact explaining the basis for its conclusion. If it determines that there was not some evidence to support the hearing officer’s findings, then the circuit court should make specific, written findings of fact explaining the basis for that conclusion and should grant the petition. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 56 days after the release of this opinion. The return to remand shall include the circuit court’s specific, written findings of fact and, if applicable, the State’s response and a transcript of the evidentiary hearing.
REMANDED WITH INSTRUCTIONS.
McMILLAN, P.J., and COBB, SHAW, and WISE, JJ., concur.