The appellant, Randall Headley, appeals from the summary denial of his petition for a writ of habeas corpus. The hearing officer found the appellant guilty of rule violation 64 in Annex A to the Alabama Department of Corrections Admin. Reg. No. 403, possession of contraband, specifically marijuana. The appellant was punished through loss of three months' good time and the loss of 30 days of canteen, visitation, and telephone privileges. The appellant contends that there was insufficient evidence that he was guilty of rule violation 64.
Because this case involves the loss of good time credit, which the United States Supreme Court has held to be a liberty interest, Wolff v. McDonnell, 418 U.S. 539,94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), due process concerns are involved. The evidentiary standard applied to determine whether a prison disciplinary action complies with due process has been changed from the "substantial evidence" standard of Wakefield v.State, 562 So.2d 1364 (Ala.Cr.App. 1989), to the "some evidence" standard set out by the United States Supreme Court inSuperintendent, Massachusetts Correctional Institution,Walpole v. Hill, 472 U.S. 445, 455, 105 S.Ct. 2768, 2774,86 L.Ed.2d 356 (1985). This Court applied the "some evidence" standard in Robinson v. State, 636 So.2d 1264, 1265
(Ala.Cr.App. 1993):
 "Because the evidentiary standard now needed to find that an inmate has violated a prison disciplinary rule is, `some evidence,' we decline to hold that the material alleged to be contraband must be tested and the test results must be received into evidence before an inmate can be disciplined for possessing a controlled substance."
However, despite the fact that we did not require that the substance be tested, this Court, in Robinson, held that there was insufficient evidence to meet the "some evidence" standard to support the disciplinary against Robinson for possession of contraband believed to be marijuana. Id.
While the hearing officer's decision was based solely upon the arresting officer's testimony, the record in Robinson
did not include any evidence of the arresting officer's "expertise or the knowledge that he relied on in concluding that the seeds [found in Robinson's possession] were marijuana."Id. We stated:
 "All that is necessary is a statement by the arresting officer that his opinion of the nature of the substance is based on his experience or that he has examined the substance and has no doubt that the substance is contraband. There must, however, be something in the record as to why the officer thinks the substance is a controlled one. Ex parte Hawkins, 475 So.2d 489 (Ala. 1985); Whitson v. State, 513 So.2d 38 (Ala.Cr.App. 1987)."
Robinson, 636 So.2d at 1265. The arresting officer's mere conclusions that he believed the substance to be marijuana were not enough to sustain the disciplinary.
In the present case, the hearing officer based his finding that the appellant was in possession of marijuana on the testimony of the arresting officer and upon the appellant's "own testimony that he had possession of the contraband." However, although the appellant admitted that the substance labeled "contraband" was found in his bugler pack, he denied any knowledge that any marijuana or other contraband was in his pack. Furthermore, the arresting officer testified only that he believed the green leafy substance found in the appellant's backpack was marijuana, without any factual basis for this conclusion. *Page 998 
When asked, "Could that same green leafy substance you allege you found possibly be any other type of green leafy vegetable or even grass?" the arresting officer responded "I believe it to be marijuana." Furthermore, he responded to the question, "Can you, with any degree of certainty, declare that the substance you allege you found was marijuana?" with, "That's not my job." Therefore, there was not even "some evidence" that the substance in question was marijuana. As stated in Robinson, the level of proof under the "some evidence" standard is not very high. The evidence does not have to consist of scientific testing, so long as the proper foundation for the arresting officer's own experience in identifying marijuana is laid. Mere conclusions that a substance is marijuana, however, are not enough to sustain a disciplinary based upon possession of marijuana. See also, Wakefield v. State, 562 So.2d 1364
(Ala.Cr.App. 1989), cert. denied, 562 So.2d 1365 (Ala. 1990) (cases abrogated due to change to "some evidence" standard);Williams v. State, 461 So.2d 1335 (Ala.Cr.App.), cert. denied, 461 So.2d 1339 (Ala. 1984).
The trial court's summary denial of the appellant's petition without an evidentiary hearing was error. Therefore, we remand this case to the trial court with instructions to hold an evidentiary hearing in order to determine the arresting officer's qualifications for identifying marijuana or if there is a factual basis for his conclusion that the substance found in the appellant's pack was marijuana. Due return should be filed in this court no later than 42 days from the release of this opinion.
REMANDED WITH INSTRUCTIONS.
All judges concur.
 On Return to Remand
McMILLAN, Judge.
The appellant, Randall Headley, appealed the denial of his petition for a writ of habeas corpus. The hearing officer found the appellant guilty of violating Alabama Department of Corrections Admin. Reg. No. 403, Rule No. 64, possession of contraband, specifically marijuana. The appellant was disciplined. On March 6, 1998, we remanded this cause on the authority of Robinson v. State, 636 So.2d 1264
(Ala.Cr.App. 1993), so that the trial court could hold an evidentiary hearing to determine if the arresting officer's conclusion that the substance confiscated from the appellant was marijuana was based upon his own experience in identifying marijuana.
The trial court has complied with our directions and has held an evidentiary hearing, attended by the appellant and counsel for the Department of Corrections. At the hearing the arresting officer testified that, as a drill sergeant in the United States military, he had undergone extensive training in identifying drugs, learning to recognize drugs based upon sight and smell. He also testified that he has had extensive experience with "drug busts" and seizures, including cases involving marijuana. The arresting officer testified that, based upon his experience in identifying drugs, he knew without a doubt that the substance he confiscated from the appellant was marijuana.
The trial court subsequently issued an order finding that, based upon the arresting officer's testimony, the appellant's petition for writ of habeas corpus was due to be dismissed. Because we agree that the evidence presented at the hearing satisfies the "some evidence" standard, see Robinson,636 So.2d at 1265, the trial court's dismissal of the appellant's petition is due to be affirmed.
AFFIRMED.
All judges concur.