The appellant, Victor Tyrone Powell, was convicted of possession of marijuana in the second degree, a violation of § 13A-12-214, Ala. Code 1975. Before trial, Powell's counsel filed a motion to suppress evidence seized at the time of his arrest. Following an evidentiary hearing on the suppression motion, the district court denied the motion, proceeded with a trial on the merits, and entered a judgment finding Powell guilty. He was sentenced to 180 days in the county jail, was fined $500, and was ordered to pay court costs.
Pursuant to the provisions of Rule 30.2, Ala.R.Crim.P., Powell appealed directly to this court.
The evidence tended to show the following. Powell was driving on Alabama Highway 75 in Blount County when he was pulled over by Alabama State Trooper Craig Pruitt for driving a vehicle with only one operating headlight. When he approached Powell's vehicle, Trooper Pruitt noted a slight odor of alcohol on Powell's breath. He further noted the odor of what he described as "raw" marijuana emanating from the vehicle. When Trooper Pruitt looked inside the vehicle, he saw an open alcoholic beverage container in plain view on the floorboard of the passenger side of the vehicle; the floorboard was damp surrounding the container.
Upon further inspection, Trooper Pruitt noticed a portion of a black "fanny pack" *Page 1169 
protruding from under the driver's seat. After checking Powell's license, Trooper Pruitt called for backup and began to conduct field-sobriety tests. Powell passed the tests and was not cited for driving under the influence. When a backup officer arrived at the scene, Pruitt requested that he assist with securing the scene because of the probability that narcotics were involved.
Trooper Pruitt asked Powell if he could search the vehicle. Powell consented to a search of the vehicle. Inside the fanny pack were two cellophane bags containing a "green, leafy substance." Based on his experience, Trooper Pruitt recognized the material as marijuana. He placed the bags containing the substance in a plastic bag and followed routine chain-of-custody procedures. Powell was subsequently arrested for unlawful possession of marijuana in the second degree, a misdemeanor.
 I.
Powell contends that the state did not prove "beyond a reasonable doubt" that he was guilty of possession of marijuana in the second degree. Specifically, he argues that the prosecutor's failure to present any forensic evidence regarding the presence of tetrahydrocannabinol ("THC") in the seized contraband was fatal to the establishment of a prima facie case of marijuana possession.
In Ex parte Woodall, 730 So.2d 652 (Ala. 1998), the Alabama Supreme Court addressed the role of appellate courts in reviewing the sufficiency of the evidence in a criminal case:
 "`In determining the sufficiency of the evidence to sustain a conviction, a reviewing court must accept as true all evidence introduced by the State, accord the State all legitimate inferences therefrom, and consider all evidence in a light most favorable to the prosecution. Faircloth v. State, 471 So.2d 485
(Ala.Crim.App. 1984), aff'd, 471 So.2d 493 (Ala. 1985).' Powe v. State, 597 So.2d 721, 724 (Ala. 1991). It is not the function of this Court to decide whether the evidence is believable beyond a reasonable doubt, Pennington v. State, 421 So.2d 1361
(Ala.Crim.App. 1982); rather, the function of this Court is to determine whether there is legal evidence from which a rational finder of fact could have, by fair inference, found the defendant guilty beyond a reasonable doubt. Davis v. State, 598 So.2d 1054, 1055
(Ala.Crim.App. 1992). Thus, `[t]he role of appellate courts is not to say what the facts are. [Their role] is to judge whether the evidence is legally sufficient to allow submission of an issue for decision [by the finder of fact].' Ex parte Bankston, 358 So.2d 1040, 1042 (Ala. 1978) (emphasis original)."
730 So.2d at 658.
Powell relies on this Court's decision in Boyington v. State,748 So.2d 897 (Ala.Crim.App. 1999), to support his contention that the officer's testimony alone is insufficient to support a conviction of possession of marijuana. Boyington was arrested and charged with possession of marijuana in the second degree, based on the testimony of a police officer who saw Boyington and a companion smoking what appeared to be a marijuana cigarette. At trial, the arresting officer testified that there was a very strong smell of burning marijuana in the air when he approached Boyington and his companion. When the officer identified himself as a police officer, Boyington rubbed his fingers, causing the marijuana cigarette to disintegrate; however, the officer testified, Boyington's fingers smelled like marijuana. The arresting officer also testified that he observed Boyington's companion take a green leafy substance from his pocket and throw it into the air. *Page 1170 
On appeal, this Court reversed Boyington's conviction, holding that the evidence was insufficient to support a conviction for possession of marijuana:
 "We can find no case in Alabama upholding a conviction for possession of a controlled substance where the controlled substance was not confiscated from the defendant and identified or where the defendant was not in constructive possession of the controlled substance. Absent that factual scenario, the element of possession could not be established.
 "In the present case, considering that the officers did not see Boyington in possession of marijuana, that Boyington did not have in his possession or was not in constructive possession of marijuana when he was apprehended, that it is not a criminal offense to smell like marijuana, and that there was a possibility that the odor of marijuana was the result of other bar patrons' smoking marijuana in the area before the officers arrived, the evidence presented at trial did not establish that Boyington was or had been in possession of marijuana."
748 So.2d at 902-03.
Boyington, however, is factually distinguishable from the instant case. Here, unlike in Boyington, Powell actually had in his possession a "green, leafy substance," which Trooper Pruitt recognized as marijuana. Trooper Pruitt confiscated the marijuana, and it was introduced as evidence at Powell's trial. Thus, the issue we must determine is whether it was incumbent upon the prosecution to establish by forensic testing that the "green, leafy substance" seized by Trooper Pruitt was marijuana. Powell has cited no authority for the proposition that the State must establish the identity of marijuana by forensic testing, and our research reveals no such requirement under Alabama law. Indeed, inHeadley v. State, 720 So.2d 996, 998 (Ala.Crim.App. 1998), this Court held that "the evidence does not have to consist of scientific testing, so long as the proper foundation for the arresting officer's own experience in identifying marijuana is laid." See also Hanks v. State,562 So.2d 536, 540 (Ala.Crim.App.), rev'd on other grounds, 562 So.2d 540
(Ala. 1989). Our decisions in Headley and Hanks are in accord with other jurisdictions. In Florida, for example, appellate courts have held that chemical testing of seized marijuana is not required. See Pama v. State,552 So.2d 309, 311 (Fla.Dist.Ct.App. 1989) ("it is not necessary for the state to prove the identification of marijuana by chemical or scientific means"; the testimony of "an experienced law enforcement officer" is sufficient); State v. Raulerson, 403 So.2d 1102, 1103 (Fla.Dist.Ct.App. 1981) ("it is not necessary for the state to prove the identity of contraband as marijuana by chemical or scientific proof"). Other jurisdictions have held accordingly. See, e.g., State v. Northrup,16 Kan. App. 2d 443, 454-56, 825 P.2d 174, 181-82 (1992); State v.Rubio, 110 N.M. 605, 607, 798 P.2d 206, 208 (N.M.App. 1990); Swain v.State, 805 P.2d 684, 686 (Okla.Crim.App. 1991).
Here, Trooper Pruitt, the witness who identified the substance as marijuana, had experience in recognizing marijuana, and was familiar with its odor and appearance. Trooper Pruitt's credentials included four years of law-enforcement experience, an associate degree in criminal justice and completion of various police academies and drug interdiction schools. His training and education included the recognition and handling of marijuana. On previous occasions when he had seized a substance believed to be marijuana, laboratory findings confirmed his belief. He had testified as an expert witness as to controlled substances in approximately 20 cases. He *Page 1171 
stated that marijuana has a unique odor and that he can differentiate between "raw" marijuana and "burned" marijuana.
Based on the facts before us, we hold that Trooper Pruitt's testimony was sufficient to prove that the substance seized from Powell's vehicle was marijuana. It was not necessary, as Powell contends, to establish separate proof of the presence of THC by forensic testing to sustain Powell's conviction for possession of marijuana. See, e.g., Sharpe v.State, 384 So.2d 633 (Ala.Crim.App. 1980); Haynes v. State,54 Ala. App. 714, 312 So.2d 405, cert. denied, 294 Ala. 758, 312 So.2d 414
(1975). However, we caution the State that our holding today should not be interpreted as relieving the State of the need to perform forensic testing in drug cases. Indeed, in our opinion, the far better practice is for the State, in every case, to submit suspected controlled substances for forensic analysis.
 II.
Powell also argues that the trial court erred by allowing Trooper Pruitt to offer what he says was opinion testimony that the substance found in his car was marijuana. He seeks to undermine Trooper Pruitt's credibility by arguing that, without corroborating chemical tests to determine the presence of THC in the substance, the testimony should not have been admitted. We disagree. The record contains sufficient evidence to qualify Trooper Pruitt as more than a mere lay witness, who would be bound by the limitations of testimony only as to facts, and not opinions, that go to the issue in the case.
In Boyington, 748 So.2d at 902-03, the sufficiency of the evidence was questioned because the officers never actually saw Boyington and his companion with marijuana. While the officers did smell marijuana and see one of the suspects throw a green leafy substance into the air, this was not proof beyond a reasonable doubt that Boyington was in actual or constructive possession of marijuana. By contrast, Trooper Pruitt testified that he smelled the distinctive odor of marijuana in Powell's vehicle and that he discovered and seized a "green, leafy substance," which he believed to be marijuana, during his search of Powell's vehicle. Boyington does not, as Powell contends, establish a subjective element that requires corroborating evidence to be properly admitted.
Based on his experience and training in the area of drug enforcement, drug identification, and drug interdiction, Pruitt was properly allowed to testify, and his assessments were not erroneous. He was present at the scene of the traffic stop and made his observations contemporaneously with Powell's arrest. A proper chain of custody was maintained at all times. We hold, therefore, that Trooper Pruitt was qualified to give his opinion concerning the presence of marijuana. Fleming v. State,470 So.2d 1343, 1347 (Ala.Crim.App. 1985); Jenkins v. State,46 Ala. App. 719, 248 So.2d 758 (1971). It is not a legal requirement that his opinion be correct to a scientific certainty. Such an argument would affect only the weight and not the admissibility of his testimony. Pruitt's identification was based on his education, experience, and professional opinion as a trained peace officer; thus, he was a proper witness to offer an opinion as to the identity of the substance. Accordingly, no basis for reversal exists as to this contention.
 III.
Powell's final contention of error is that the trial court erred by allowing Trooper Pruitt to testify as an expert witness in the identification of marijuana. We disagree. *Page 1172 
An individual may qualify as an expert witness by study, practice, experience, or observation. The determination whether the individual is sufficiently qualified to testify as an expert is within the trial judge's discretion, and his decision will be disturbed only upon a showing of abuse. Johnson v. State, 378 So.2d 1164 (Ala.Crim.App.), cert. quashed, 378 So.2d 1173 (Ala. 1979). White v. State, 294 Ala. 265,314 So.2d 857 (Ala. 1975).
Trooper Pruitt's expertise was a preliminary question for the trial court. Trooper Pruitt's testimony disclosed special training and familiarity with the subject matter, which sufficiently qualified him to speak as an expert. Therefore, the trial court's determination that Pruitt was an expert witness was not an abuse of discretion.
Based on the foregoing, the judgment of the trial court is due to be, and it is, hereby, affirmed.
AFFIRMED.
McMillan, P.J., and Cobb, Baschab, and Shaw, JJ., concur.
 *Page 515