COBB, Judge,
concurring in the result.
I concur that the certificate of analysis was admissible and that its admission was not a violation of Tara Booker Merritt’s right to confront witnesses under the Sixth Amendment; however, I disagree with the rationale employed by the majority in its unpublished memorandum in reaching that result.
“The Confrontation Clause of the Sixth Amendment to the Constitution of the United States requires that in all criminal prosecutions the accused shall have the right to be confronted with the witnesses against him.... The United States Supreme Court in Ohio v. Roberts, 448 U.S. 56, [100 S.Ct. 2531,] 65 L.Ed.2d 597 (1980), emphasized that the Confrontation Clause reflects a preference for face-to-face confrontation at trial and that a primary interest secured by the Confrontation Clause is the right of cross-examination.”
Ex parte Scroggins, 727 So.2d 131, 132 (Ala.1998).
Section 12-21-300, Ala.Code 1975, provides:
*1022 “(a) In any criminal case, or juvenile or family court case which is of a criminal nature, the prosecuting authority may offer a certificate of analysis as described below, in lieu of direct testimony. The court shall receive as evidence the certificate of analysis from any of the following:
“(1) A person performing an analysis or examination in any laboratory operated by the Alabama Department of Forensic Sciences or authorized by the department to conduct an analysis or examination of the type performed.
“(2) A person performing an analysis or examination in any criminalis-tics laboratory established pursuant to federal law.
“(b) To be admissible pursuant to this section, a certificate of analysis shall contain all of the following:
“(1) The date and time the evidence was delivered to the facility.
“(2) The name of the person making the delivery, and the name of the person receiving the delivery.
“(3) A brief description of the evidence.
“(4) The type of examination or analysis requested.
“(5) The name of the person making the examination or analysis.
“(6) The date or dates of the examination or analysis.
“(7) The results of the examination or analysis.
“The certificate of analysis shall give the name and address of the facility in which the examination or analysis was made, and it shall be signed by and sworn to as true and correct, under penalty of law, by the person making the examination or analysis.”
(Emphasis added.)
Section 12-21-301, Ala.Code 1975, provides:
“The party seeking to introduce a certificate of analysis shall not less than 40 days prior to the commencement of the hearing or trial, give written notice to all parties of intent to offer proof by a certificate of analysis. The notice shall include a copy of the certificate of analysis.”
Section 12-21-302(a), Ala.Code 1975, provides:
“The party against whom the certificate is offered may request, not later than 30 days prior to the commencement of the hearing or trial, a hearing to show cause why a subpoena should be issued for cross-examination of the person who performed the examination or analysis.”
(Emphasis added.)
Thus, § 12-21-302(a), Ala.Code 1975, protects a defendant’s right to confront and cross-examine the forensic expert attesting to the information contained in the certificate of analysis.
I must note that it is troubling to me that nothing in the record shows that the State provided Merritt with notice of its intent to introduce a certificate of analysis; however, this omission is negated because no objection was made to the State’s failure. There must be an objection at trial to lack of notice in order to prevent the admission of the certificate of analysis into evidence. See Lee v. State, 748 So.2d 904, 910 (Ala.Crim.App.1999)(trial court erred in overruling the defendant’s objection to the admissibility of a certificate of analysis on grounds that the State had not complied with the statute). The only objection concerning the certificate of analysis presented at trial was to the alleged violation *1023 of the confrontation clause. The trial court correctly overruled this objection because the statute specifically provides a defendant a procedure to compel the presence of the forensic expert for cross-examination and this procedure implicitly creates a process to record adverse rulings for appellate purposes. The objection in this case, which was made for the first time during the trial, was first due to be denied because it was untimely and additionally due to be denied because a properly submitted certificate of analysis does not violate the confrontation clause.
I also disagree with the majority’s reliance in its unpublished memorandum on Powell v. State, 804 So.2d 1167 (Ala.Crim.App.2001), for the proposition that forensic testimony is unnecessary in a prosecution for the unlawful possession of marijuana— where guilt must be proven beyond a reasonable doubt. Although I concurred with the decision reached in Powell, I now realize I did so in error. I believe that Powell’s reliance on Alabama caselaw, Headley v. State, 720 So.2d 996, 998 (Ala.Crim.App.1998), and Hanks v. State, 562 So.2d 536, 540 (Ala.Crim.App.), rev’d on other grounds, 562 So.2d 540 (Ala.1989), is misplaced.
Headley is an appeal from the circuit court’s denial of a petition for a writ of habeas corpus after the Department of Corrections found Headley guilty of violating prison regulations. The evidentiary standard required to satisfy due process in a prison disciplinary hearing is “some evidence.” Headley v. State, 720 So.2d at 997. The Headley court opined that where an officer testified that based on his “expertise or the knowledge” plant material was marijuana, the “some evidence” standard was met.[1] I agree.
Hanks was convicted of manslaughter. A police officer was allowed to testify that he smelled marijuana in Hanks’s car; he saw two cigarettes in the floorboard; he saw a “roach” in the ashtray; and he saw some “green leafy substance” in a plastic baggie in a purse on the front seat. The officer was allowed to testify that, based on his experience and training, it was his opinion that these substances were marijuana. I believe that the officer’s identifying the material as part of the continuum of circumstantial evidence in a manslaughter case is different from identifying the material as the corpus delicti in a possession-of-marijuana case.
I also disagree with Powell’s reliance on cases from other jurisdictions as persuasive authority to allow an officer to establish that the material in question is in fact marijuana. I believe where the burden of proof is beyond a reasonable doubt,[2] forensic testimony (or a certificate of analysis) is required.
Alabama caselaw acknowledges that “ ‘marijuana’ contains ‘tetrahydrocannabi-nol (THC),”’ Sharpe v. State, 384 So.2d 633, 634 (Ala.Crim.App.1980), citing Haynes v. State, 54 Ala.App. 714, 312 So.2d 406 (1975). Thus, “the THC content *1024 of marijuana is irrelevant,” McElroy v. State, 611 So.2d 431, 432 (Ala.Crim.App.1992). Therefore, the State need prove only that the substance is marijuana. I believe that proof beyond a reasonable doubt requires the testimony of a toxicologist, a chemist, or some similar professional. See Radney v. State, 342 So.2d 942, 945 (Ala.Crim.App.1976)(once toxicologist, using his testing procedures, concluded that the substance purchased from the defendant was marijuana, no proof of the tetrahydrocannabinol content was necessary); Winnings v. State, 370 So.2d 323, 328 (Ala.Crim.App.1979)(once toxicologist positively identified substance as marijuana, “no proof of THC content was necessary”). I can find no caselaw in Alabama, other than Powell, allowing guilt in a possession-of-marijuana or a trafficking-in-marijuana case to be established beyond a reasonable doubt based on the testimony of a law-enforcement officer instead of the testimony of a toxicologist, a chemist, or some similar expert.
For the above reasons, I concur only with the result reached by the majority in its unpublished memorandum.

. We also allow officers to give their opinion in probable-cause hearings because "probable cause” is defined as " ‘facts and circumstances ... such as warrant a man of reasonable prudence and caution in believing that the offense has been committed/ and that the person in question is the offender.” Vincent v. State, 349 So.2d 1145, 1146 (Ala.1977)(juvenile transfer proceeding)(quoting United States v. Watson, 423 U.S. 411, 96 S.Ct. 820, 46 L.Ed.2d 598 (1976)).

. " '[T]he evidence must establish the truth of the fact to a ... certainty that convinces and directs the understanding, and satisfies the reason and judgment, of those who are bound to act conscientiously upon it.’ ” Victor v. Nebraska, 511 U.S. 1, 8, 114 S.Ct. 1239, 127 L.Ed.2d 583 (1994).