COBB, Judge,
concurring in part and dissenting in part.
Jason Seth Crenshaw was convicted of possession of marijuana in the second degree, a violation of § 13A-12-214(a), Ala. Code 1975, and possession of drug paraphernalia, a violation of § 13A-12-260(c), Ala.Code 1975. Crenshaw contends on appeal that the trial court committed reversible error when it denied his motion for a judgment of acquittal. According to Cren-shaw, his motion was due to be granted because, he says, the State failed to prove that the substance seized from his residence by Officer Donnie Payne of the Baldwin County drug task force, was, in fact, marijuana. Specifically, he claims that Payne’s testimony that the substance was marijuana was insufficient, by itself, to prove that the substance was marijuana. Crenshaw argues that absent scientific forensic analysis, the State could not prove beyond a reasonable doubt that the substance was marijuana.
The majority, in its unpublished memorandum, answered Crenshaw as follows:
“Contrary to Crenshaw’s assertion, Officer Payne’s identification of the substance as marijuana was sufficient to establish that the substance was, in fact, marijuana. It was not, as Crenshaw contends, necessary to establish separate proof that the substance was marijuana through forensic testing in order to sustain his conviction for second-degree possession of marihuana. In Powell v. State, 804 So.2d 1167 (Ala.Crim.App.2001), this Court held that forensic testing was not necessary to establish that the substance was marijuana in a prosecution for the possession of marijuana.”
For the following reasons, taken from my special writing in Merritt v. State, 853 So.2d 1021 (Ala.Crim.App.2002), I respectfully dissent from the majority’s affirmance of Crenshaw’s conviction for possession of marijuana in the second degree.
“I ... disagree with the majority’s reliance ... on Powell v. State, 804 So.2d 1167 (Ala.Crim.App.2001), for the proposition that forensic testimony is unnecessary in a prosecution for the unlawful possession of marijuana — where guilt must be proven beyond a reasonable doubt. Although I concurred with the decision reached in Powell, I now realize I did so in error. I believe that Powell’s reliance on Alabama caselaw, Headley v. State, 720 So.2d 996, 998 (Ala.Crim.App.1998), and Hanks v. State, 562 So.2d 536, 540 (Ala.Crim. *457 App.), rev’d on other grounds, 562 So.2d 540 (Ala.1989), is misplaced.
“Headley is an appeal from the circuit court’s denial of a petition for a writ of habeas corpus after the Department of Corrections found Headley guilty of violating prison regulations. The evidentiary standard required to satisfy due process in a prison disciplinary hearing is ‘some evidence.’ Headley v. State, 720 So.2d at 997. The Headley court opined that where an officer testified that based on his ‘expertise or the knowledge’ plant material was marijuana, the ‘some evidence’ standard was met.1 I agree.
“Hanks was convicted of manslaughter. A police officer was allowed to testify that he smelled marijuana in Hanks’s car; he saw two cigarettes in the floorboard; he saw a ‘roach’ in the ashtray; and he saw some ‘green leafy substance’ in a plastic baggie in a purse on the front seat. The officer was allowed to testify that, based on his experience and training, it was his opinion that these substances were marijuana. I believe that the officer’s identifying the material as part of the continuum of circumstantial evidence in a manslaughter case is different from identifying the material as the corpus delicti in a possession-of-marijuana case.
“I also disagree with Powell’s reliance on cases from other jurisdictions as persuasive authority to allow an officer to establish that the material in question is in fact marijuana. I believe where the burden of proof is beyond a reasonable doubt,2 forensic testimony (or a certificate of analysis) is required.
“Alabama caselaw acknowledges that ‘ “marijuana” contains “tetrahydrocan-nabinol (THC),” ’ Sharpe v. State, 384 So.2d 633, 634 (Ala.Crim.App.1980), citing Haynes v. State, 54 Ala.App. 714, 312 So.2d 406 (1975). Thus, ‘the THC content of marijuana is irrelevant,’ McElroy v. State, 611 So.2d 431, 432 (Ala.Crim.App.1992). Therefore, the State need prove only that the substance is marijuana. I believe that proof beyond a reasonable doubt requires the testimony of a toxicologist, a chemist, or some similar professional. See Radney v. State, 342 So.2d 942, 945 (Ala.Crim.App.1976)(once toxicologist, using his testing procedures, concluded that the substance purchased from the defendant was marijuana, no proof of the tetrahy-drocannabinol content was necessary); Winnings v. State, 370 So.2d 323, 328 (Ala.Crim.App.1979)(once toxicologist positively identified substance as marijuana, ‘no proof of THC content was necessary’). I can find no caselaw in Alabama, other than Powell, allowing guilt in a possession-of-marijuana or a trafficking-in-marijuana case to be established beyond a reasonable doubt based on the testimony of a law-enforcement officer instead of the testimony of a toxicologist, a chemist, or some similar expert.
“ 1We also allow officers to give their opinion in probable-cause hearings because ‘probable cause’ is defined as ‘ “facts and circumstances ... such as warrant a man of reasonable prudence and caution in believing that the offense has been committed,” and that the person in question is the offender.’ Vincent v. State, 349 So.2d 1145, 1146 (Ala.1977)(juvenile transfer proceed-ing)(quoting United States v. Watson, 423 U.S. 411 (1976)).
“ 2‘ “[T]he evidence must establish the truth of the fact to a ... certainty that convinces and directs the understanding, and satisfies the reason and judgment, of those who are bound to act conscien *458 tiously upon it.” ’ Victor v. Nebraska, 511 U.S. 1, 8 (1994).”
Merritt v. State, 853 So.2d at 1023-24 (Cobb, J., dissenting).
Based on the above, I respectfully dissent from the majority’s unpublished memorandum, which affirms the adjudication of the Circuit Court of Baldwin County finding Crenshaw guilty of possession of marijuana in the second degree. I concur in the majority’s affirmance in that memorandum of Crenshaw’s conviction for possession of drug paraphernalia.