McMILLAN, Presiding Judge.
The appellant, Paul Bryant, appeals from Escambia Circuit Court’s denial of his petition for a writ of habeas corpus seeking relief from the results of a prison disciplinary proceeding. The prison hearing officer found Bryant guilty of possessing prison contraband and recommended 45 days’ loss of all privileges, 2 years’ loss of good time and transfer to a higher-level institution. Bryant contends that the decision was arbitrary and capricious and that it was not based upon any evidence.
Loss of good-time credit involves a liberty interest protected by Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). In order to comply with due process, there must be “some evidence” from which the conclusion of the administrative tribunal could be deduced. Superintendent, Massachusetts Correctional Institution, Walpole v. Hill, 472 U.S. 445, 455, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985); Robinson v. State, 636 So.2d 1264, 1265 (Ala.Crim.App.1993). Here, the sole witness for the State was the arresting officer, James Travis. According to the hearing officer, Travis testified as follows:
“COI Travis stated under oath that on 2-11-03 at approximately 8:45 a.m. with the assistance of COI Fillmore Inmate Bryant was pat searched at Cleverdon Farms and COI Fillmore did seize from Inmate Bryant[’]s possession a small plastic bag containing a green leafy substance believed to be marijuana.”
The State filed as an exhibit the affidavit of the warden of the correctional facility in which Bryant was incarcerated. The affidavit stated, in pertinent part:
“Inmate Bryant was found guilty of possession of contraband based on the fact that the green leafy substance is not allowed in the possession of Department of Corrections inmates. The conspicuous place the substance was found and the fact that the officers are trained to identify controlled substances supports the officer’s belief that the green substance was marijuana. The substance has been sent Forensic Science[s] to be tested.”
Scientific testing of suspected contraband is not required in order to meet the “some evidence” standard. Robinson v. State, 636 So.2d 1264, 1265 (Ala.Crim.App.1993). However, an arresting officer’s “[m]ere conclusions that a substance is marijuana ... are not enough to sustain a disciplinary based upon possession of marijuana.” Headley v. State, 720 So.2d 996, 998 (Ala.Crim.App.1998). In order to sustain the disciplinary finding:
“All that is necessary is a statement by the arresting officer that his opinion of the nature of the substance is based on his experience or that he has examined the substance and has no doubt that the substance is contraband. There must, however, be something in the record as to why the officer thinks the substance is a controlled one.”
Robinson v. State, 636 So.2d at 1265. In Robinson, the necessary showing was not made because there was no indication in the record that the officer who claimed the prisoner was in possession of marijuana seeds had expertise or special knowledge that he was relying upon and the record did not show that any examination of the seeds was done to show that they were in fact marijuana. Here, it was not clear which officer believed that the substance found on Bryant was marijuana. There was no evidence concerning the specific qualifications of either officer with regard to identifying marijuana, and there was no specific factual basis for the conclusion that the substance was marijuana. See Headley v. State, 720 So.2d at 998.
*931 Because the record was insufficient, to establish the requisite “some evidence,” the trial court erred in denying the appellant’s petition without an evidentiary hearing. Therefore, we remand this case to the trial court with instructions to hold an evidentiary hearing to determine whether the arresting officer was qualified to state an opinion on the nature of the substance found on the appellant’s person. A return should be filed with this court no later than 42 days after the release of this opinion.
REMANDED WITH DIRECTIONS. 
COBB, BASCHAB, and SHAW, JJ., concur. WISE, J., dissents, without opinion.