PER CURIAM.
The petitioner, Randy Livingston, is currently incarcerated at Bibb Correctional Facility in Bibb County. He filed this petition for a writ of mandamus directing Montgomery County Circuit Court Judge Tracy S. McCooey to transfer his petition for a writ of habeas corpus back to Bibb County.
In May 2003, Livingston filed a petition styled a “Petition for a Writ of Habeas Corpus” in the Bibb Circuit Court. He alleged that as a result of a prison disciplinary action his good-time-earning status was changed and his end-of-sentence (“EOS”) date was increased by over seven years. The Department of Corrections (“the DOC”) filed a motion to transfer the petition to the Montgomery Circuit Court — the county where the DOC maintains its offices. Bibb Circuit Court Judge Marvin Wiggins granted the motion and transferred the petition to the Montgomery Circuit Court. Livingston filed a motion in the Montgomery Circuit Court to transfer the petition back to the Bibb Circuit Court. That motion was not ruled on. It appears that approximately two months after Livingston filed the motion Judge McCooey issued an order setting a briefing schedule on the merits of the underlying habeas corpus petition. This petition for a writ of mandamus followed.
Livingston makes the following argument in this mandamus petition for the transfer of the habeas corpus petition back to Bibb County:
“In the habeas petition Livingston alleged that he had been deprived of earned good time credits in a prison disciplinary hearing without being provided due process of law as required pursuant to Administrative Regulation 403 and the Supreme Court’s holding in Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Livingston’s claim was that because of the finding of guilty in the prison disciplinary hearing, his initial EOS [end of sentence] release date had been increased by 7 years and 8 months.”
(Livingston’s mandamus petition, p. 2.)
The State argues that the holding in Ex 'parte Boykins, 862 So.2d 587 (Ala.2002), specifically provides that when a petitioner is challenging the actions of the DOC the petitioner must file a petition for a writ of certiorari in the Montgomery Circuit Court — the county where DOC maintains its offices. The Alabama Supreme Court in Ex parte Boykins held that Boykins’s petition challenging the DOC’s denial of his request for incentive good time was improperly treated as a petition for a writ of habeas corpus. It held that the proper procedure to challenge Boykins’s DOC classification was for Boykin to file a petition for a writ of certiorari in the Montgomery Circuit Court seeking a review of the DOC’s action. However, the Supreme Court noted that Boykins’s petition had been incorrectly styled as a petition for a writ of habeas corpus:
“In this case, Boykins is not challenging the duration of his sentence. Neither is he asserting that he is unlawfully imprisoned because he has completed all *856 of the time he was sentenced to serve. The facts in this case do not raise the question whether a sentence has been correctly calculated.... Rather, in this case, Boykins is challenging the propriety of the DOC’s ruling on his request for IGT. We agree with the determination of the Court of Criminal Appeals, relying on Ala.Code 1975, § 14-9-41, Coslett v. State, 697 So.2d 61 (Ala.Crim.App.1997), Parker v. State, 648 So.2d 653 (Ala.Crim.App.1994), and Gullett v. State, 613 So.2d 400 (Ala.Crim.App.1992), that Boykins does not have a liberty interest in the DOC’s ruling on his request to qualify for IGT. Boykins is not asserting that the DOC deprived him of IGT he had previously earned, as to which he would have a liberty interest. Just as a writ of habeas corpus has no application to a sentence a prisoner has not begun to serve, Heflin [v. United States, 358 U.S. 415 (1959)], neither does the writ have application to IGT Boykins has not begun to earn.”
862 So.2d at 592.
The petition Livingston filed in the Bibb Circuit Court was an example of an action that the Supreme Court stated in Boykins was the proper subject of a petition for a writ of habeas corpus. Livingston was disciplined in prison, and as a result of the disciplinary action his good-time-earning status was changed and his EOS date has been increased by over seven years. He alleges that he was denied due process of law in that prison disciplinary action. Livingston’s petition should be addressed by the Bibb Circuit Court — the circuit court closest to his place of incarceration. See Bryant v. State, 884 So.2d 929 (Ala.Crim.App.2003). The Montgomery Circuit Court should not address a habeas corpus petition filed by a state prisoner incarcerated in Bibb County. Section 15-21-6(b), Ala.Code 1975, states:
“(b) When the person is confined in the penitentiary or under a sentence, judgment or order of the supreme court or the circuit court, other than an indictment for felony, the petition must be addressed to the nearest circuit court judge.”
According to § 15-21-6, Livingston’s petition should be transferred to the Circuit Court for Bibb County — the county where he is incarcerated.
For the foregoing reasons, this petition is due to be, and is hereby, granted. Judge McCooey is directed to transfer Livingston’s habeas corpus petition to the Circuit Court of Bibb County.
PETITION GRANTED; WRIT ISSUED.
McMILLAN, p.j., and COBB, BASCHAB, SHAW, and WISE, JJ., concur.